**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOVELIA VALDOVINOS DUARTE, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-72026 Agency No. A077-623-051 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Lovelia Valdovinos Duarte, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Valdovinos Duarte's social group claim based on being a Christian female business owner because she failed to raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent she raises a protected ground of political opinion, we also lack jurisdiction to consider that claim. *Id.*

Substantial evidence supports the agency's determination that Valdovinos Duarte failed to demonstrate a nexus between the harm she experienced or fears in Mexico and a protected ground, including her family and gang recruitment social groups. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of [her] membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Valdovinos Duarte's asylum and withholding of removal claims fail. In light of this disposition, we do

not reach Valdovinos Duarte's remaining contentions regarding the merits of these claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Valdovinos Duarte failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Valdovino Duarte's contentions that the agency violated her due process rights fail. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The record does not support Valdovinos Duarte's contentions that the BIA failed to consider evidence or otherwise erred in its analysis of her claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**